

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § | |
| **VS.** § § | **CASE NO. 9:05-CR-18(2)** |
| **KRYSTAL ANN SCOTT,** § | |
| a/k/a Krystal A. West § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. *See Referral Order*. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *U.S. v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

1

On August 4, 2005, this cause came before the undersigned United States Magistrate Judge for entry of a guilty by the defendant, Krystal Ann Scott, on **Count II of** the charging Indictment returned in this cause by the federal grand jury. Count II of the Indictment charges violations of Title 18, United States Code, Section 666(a)(1)(A), specifically theft and embezzlement of more than $5,000.00 from the Alabama Coushatta Indian tribal government, a governmental entity that received more than $10,000.00 in federal assistance from the United States government, as set forth in detail in the Indictment. *See Indictment* [Clerk's doc. #2].

Defendant, Krystal Ann Scott, entered a plea of guilty into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

 a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

 b. That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

 c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the defendant personally in open court, the Court determines that Defendant Krystal Scott's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that her conduct falls within the definition of the crime charged under 18 U.S.C. § 666(a)(1)(A).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the government proffered the following evidence at the hearing. *See Factual Resume*. In support, the government would present stipulated facts establishing the following.

If the case had proceeded to trial the government would have specifically shown that the Alabama-Coushatta Indian Tribe of Texas is an Indian tribal government. During the relevant time period, that is the year 2002, Krystal Ann Scott was employed by the tribe and worked as an agent as that term is understood and defined in Section 666 of Title 18, United States Code.

In support, the government would also show that Krystal Ann Scott was employed as the AmeriCorps VISTA program director for the tribe. In that capacity, she was responsible for managing the day to day operations of the AmeriCorps program at the Alabama Coushatta reservation located near Livingston, Texas. These activities included the hiring and supervision of AmeriCorps volunteers who received stipends from the grant monies provided to the Alabama Coushatta Indian tribe by the Corporation of National Service, which is an agency of the United States Government. During 2002, the Corporation provided the Alabama Coushatta over $10,000.00 in grants and assistance.

Beginning in February 2002, and continuing until April 2002, Krystal Ann Scott received the stipend checks intended for Jenna Battise, a volunteer who had terminated her involvement with the program in January 2002, and through various means, Ms. Scott embezzled and stole more than $5,000.00 that was rightfully under the care, custody, and control of the Alabama Coushatta Indian tribe.

Defendant, Krystal Ann Scott, agreed with the above-stated facts. Counsel for Defendant attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the government and personally testified that she was entering his guilty plea knowingly, freely and voluntarily.

## **RECOMMENDED DISPOSITION**

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count II** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the Court conditionally accept the plea agreement.[1]

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably

Accordingly, it is further recommended that Defendant, Krystal Ann Scott, be finally adjudged guilty of the charged offense under 18 U.S.C. § 666(a)(1)(A).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject her plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw her guilty plea. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar

---

toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3).

an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 8th day of August, 2005.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE